OPINION
Defendant-appellant Charles E. McInnes, Executor of the Estate of Ella McInnes, et al., appeals the September 19, 2001 Judgment Entry of the Stark County Court of Common Pleas which granted plaintiff-appellee Meadow Wind Health Care Center, Inc.'s motion for summary and denied appellant's motion for stay and motion to plead amended answer instanter.
Appellant's pro se brief filed December 19, 2001, fails to comply with App.R. 16(A). It does not contain a table of contents with page references; a statement of the issues presented for review; a statement of the case; a statement of the facts relevant to the assignments of error; or an argument with respect to each assignment of error. Appellant's brief also fails to contain a proof of service as required by App.R. 14(D). Further, appellant's brief fails to comply with Loc.R. 9(A) of the Fifth Appellate District as it does not include a copy of the judgment entry from which appellant appeals.
Such deficiencies permit this Court to dismiss appellant's appeal. Nevertheless, we elect to address appellant's two assignments of error. They are:
 I. IN THE JUDGMENT ENTRY FILED WITH THE CLERK OF COURTS ON SEPTEMBER 19, 2001, JUDGE BROWN STATED THAT THE MOTION FOR LEAVE TO PLEAD AMENDED ANSWER INSTANTER WAS PREVIOUSLY GRANTED AND IS THEREFORE, MOOT. HOWEVER, A REVIEW OF THE RECORD SHOWS THAT THIS STATEMENT IS NOT TRUE. JUDGE BROWN NEVER GRANTED, TO MY KNOWLEDGE THE APPELLANT LEAVE TO FILE OR PLEAD AN AMENDED ANSWER INSTANTER.
 II. IN THE JUDGMENT ENTRY FIELD WITH THE CLERK ON NOV. 9, 2001, JUDGE BROWN STATED THAT WITH THE FILING OF THE NOTICE OF APPEAL BY THE PRESENT APPELLANT, THE LOWER COURT "LOST JURISDICTION." THEREFORE, WITHOUT ANY FURTHER MODIFICATION OR REVERSAL OF THIS STANCE (WHICH THE LOWER COURT NEVER MADE) THE LOWER COURT PLACED ITSELF IN THE POSITION OF NOT BEING ABLE TO ACT ANY FURTHER, SIMPLY STATED. HOWEVER, EVEN THOUGH I BELIEVE THAT THIS FACT SHOULD BE FAIRLY OBVIUS [SIC], THE LOWER COURT CONTINUES TO MAKE RULINGS THAT ARE TO THE DETRIMENT OF PRESENT APPELLANT.
 I
We overrule this assignment of error.
Appellant asserts the trial court, in its September 19, 2001 Judgment Entry, erroneously found it had previous granted him leave to plead an amended answer. Assuming, arguendo, such is true, appellant fails to argue, let alone demonstrate, how such error prejudiced him. We note appellant does not appeal the merits of the trial court's decision to grant summary judgment in favor of appellee. Failure to do so serves to cure the error of which appellant complains herein.
 II
In his second assignment of error, appellant alleges error in the trial court's November 9, 2001 Judgment Entry. Appellant's notice of appeal does not identify that judgment as the judgment from which he appeals as required by App.R. 3(D). For this reason, we overrule appellant's assignment of error.
Furthermore, because appellant did not obtain a stay of the trial court's November 9, 2001 Judgment Entry from either the trial court or this Court, nor post a supercedes bond in the amount of the underlying judgment, the trial court retained jurisdiction to enforce its judgment despite the fact appellant had filed a notice of appeal and despite the trial court's statement to the contrary in the November 9, 2001 Judgment Entry. We note the trial court vacated its November 9, 2001 Judgment Entry by Judgment Entry dated November 13, 2001, and specifically allowed the order of sale filed November 2, 2001, to proceed.
Appellant's second assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: HOFFMAN, P.J. GWIN, J. and FARMER, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.